UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IN RE:

LARRY TEVIS and NANCY TEVIS,

        Debtors.
_____/
LARRY TEVIS and NANCY TEVIS,

                                NO. CIV. S-09-316 LKK

        Appellants,

   v.                                    O R D E R

CALIFORNIA DEPARTMENT OF
VETERAN AFFAIRS,

        Appellee.
_____/

    Pending before the court is an appeal from the denial of a motion seeking recusal of a bankruptcy judge. Appellants appear pro se and in forma pauperis. Appellants argue that recusal was required because the bankruptcy judge is biased against them and is a necessary party to the case. The court resolves this appeal on the papers. The court has jurisdiction to hear this appeal and

1

affirms. The court further concludes that appellees have adequately shown cause as to why no sanctions should issue for their initial failure to file an answering brief.

## I. BACKGROUND[1]

This case arises from appellants' bankruptcy petition, No. 04-26357-B13, filed June 21, 2004, and the related adversary proceeding, No. 08-02004, filed January 2, 2008, in which appellants bring claims against the California Department of Veterans Affairs, the California Department of Housing and Community Development, and various attorneys and trustees connected with appellants in the bankruptcy petition.

The bankruptcy petition was initially before Bankruptcy Judge Klein. The petition was filed under Chapter 7 of the Bankruptcy Code, but has since been converted to Chapter 13. Judge Klein approved a settlement agreement and compromise of controversy in November of 2004. Although appellants contend that this settlement was "fraudulent," they have not succeeded in having it set aside.

On July 6, 2005, the case was assigned Bankruptcy Judge Holman. Doc. 10-2, page 59. Appellants moved to disqualify Judge Holman on November 13, 2008. That motion, like the briefs filed in this appeal, was difficult to comprehend. Judge Holman identified four grounds for dismissal raised in the motion. Three of these concerned the correctness of prior rulings, including

---

[1] The following facts are taken from appellants' excerpt of record. Because of the inconsistent way in which the record is organized, the court cites to the record using the page numbers provided under the court's CM/ECF system.

2

1  Judge Klein's decision to adopt, and Judge Holman's later decision
2  to enforce, the settlement agreement.  The fourth ground identified
3  by Judge Holman were various of his statements that appellants
4  contended demonstrated bias.  The particular statements relied upon
5  by appellants primarily demonstrated Judge Holman's belief that the
6  case should settle. Doc. 10-2, page 13 (appellants' excerpts from
7  hearing transcripts).  The court joins Judge Holman's
8  interpretation of appellant's initial motion, except to note that
9  Judge Holman did not explicitly discuss appellants' broader,
10 unexplained contention that Judge Holman was "a necessary party to
11 this Lawsuit."  Doc. 10-2, page 10.
12      Judge Holman found the proffered grounds for recusal
13 inadequate, and he denied the motion on January 26, 2009.
14 Appellants filed a notice of appeal on February 4, 2009.  The clerk
15 of the court set a briefing schedule for the appeal and appellants
16 filed their opening brief.  No party filed a timely brief in
17 response.  The court then ordered "appellee" to file an answering
18 brief, as well as to show cause as to why sanctions should not
19 issue.  Order of August 20, 2009 (Doc. No. 12).  The California
20 Department of Veterans Affairs responded by filing both an answer
21 and a response to the order to show case.

**II. JURISDICTION**

23     The district courts' jurisdiction over appeals from the
24 bankruptcy court is governed by 28 U.S.C. section 158(a).  This
25 statute provides jurisdiction to hear appeals "(1) from final
26 judgments, orders, and decrees; [and] . . . (3) with leave of the

1 court, from other interlocutory orders and decrees." 28 U.S.C.
2 §§ 158(a)(1), (a)(3). "An order denying a motion to recuse is
3 interlocutory." Seidel v. Durkin (In re Goodwin), 194 B.R. 214,
4 221 (B.A.P. 9th Cir. 1996); see also Smith v. Edwards & Hale (In
5 re Smith), 317 F.3d 918, 932 (9th Cir. 2002), Lopez v. Behles (In
6 re American Ready Mix), 14 F.3d 1497, 1499 (10th Cir. 1994),
7 Stewart Enterprises, Inc. v. Horton (In re Horton), 621 F.2d 968,
8 970 (9th Cir. 1980), United States v. State of Washington, 573 F.2d
9 1121, 1122 (9th Cir. 1978). Thus, "the district courts have
10 discretionary jurisdiction over appeals from interlocutory orders
11 of the bankruptcy court." Fondiller v. Robertson (In re
12 Fondiller), 707 F.2d 441, 441 n.1 (9th Cir. 1983); 28 U.S.C.
13 § 158(a)(3).

14 Appellee California Department of Veterans Affairs argues that
15 leave to bring an interlocutory appeal should be granted only in
16 extraordinary circumstances. Appellee relies upon Washington,
17 573 F.2d at 1122, which concerned appeal of a district court's
18 order denying a motion to recuse the district judge. As such, the
19 Ninth Circuit's appellate jurisdiction in Washington was provided
20 by 28 U.S.C. section 1291. While the circuit courts may hear
21 interlocutory appeals under section 1291 only upon certification
22 by the district court, section 158(a) provides the reviewing
23 district court with discretion to hear interlocutory appeals from
24 the bankruptcy courts. Washington's rule limiting interlocutory
25 appeals to "extraordinary circumstances" therefore derives from
26 ///

4

1  limitations not found in the statute governing jurisdiction over
2  this appeal.
3      Ordinarily, an interlocutory appeal must be accompanied by a
4  motion seeking leave to appeal.  Fed. R. Bankr. P. 8001(b).
5  Appellants filed no such motion.  When an interlocutory appeal is
6  filed without the proper motion for leave, the district court may
7  nonetheless grant leave to appeal.  Fed. R. Bankr. P. 8003(c).  The
8  decision to grant or deny leave is in the court's discretion.  In
9  a similar appeal, also concerning denial of a motion for recusal,
10 the Bankruptcy Appellate Panel for the Ninth Circuit "[found] it
11 appropriate to treat the notice of appeal as a motion for leave to
12 appeal, and grant[ed] the motion."  In re Goodwin, 194 B.R. at 221.
13 The court reaches the same conclusion here, and grants leave to
14 hear this interlocutory appeal.

### III. DISCUSSION

16    "An order denying a motion to recuse is reviewed for abuse of
17 discretion."  In re Goodwin, 194 B.R. at 220.  "An abuse of
18 discretion may be based on an incorrect legal standard, or a
19 clearly erroneous view of the facts, or a ruling that leaves the
20 reviewing court with a definite and firm conviction that there has
21 been a clear error of judgment."  Khachikyan v. Hahn, 335 B.R. 121,
22 125 (B.A.P. 9th Cir. 2005) (citing SEC v. Coldicutt, 258 F.3d 939,
23 941 (9th Cir. 2001) and Ho v. Dowell (In re Ho), 274 B.R. 867, 871
24 (B.A.P. 9th Cir. 2002)).
25    "[B]ankruptcy court judges are subject to recusal only under
26 28 U.S.C. § 455."  In re Smith, 317 F.3d at 932; Fed. R. Bankr. P.

5

1  5004(a). Although appellants do not invoke any particular
2  provision of section 455, they argue that Judge Holman is biased.
3  Section 455(b)(1) requires recusal when a judge "has a personal
4  bias or prejudice concerning a party." More generally, section
5  455(a) mandates recusal from "any proceeding in which [the judge's]
6  impartiality might reasonably be questioned." A party seeking
7  recusal must identify the specific facts that "might reasonably
8  cause an objective observer to question [the judge's]
9  impartiality." Liljeberg v. Health Services Acquisition Corp.,
10 486 U.S. 847 (1988).
11     Appellants have not identified any error in legal standard or
12 statement of facts in the order they appeal, and no such error is
13 apparent. This appeal must therefore turn on the argument that
14 there has been a clear error of judgment.
15     In reviewing a request to recuse a bankruptcy judge, the Ninth
16 Circuit has explained that "[u]nfavorable rulings alone are legally
17 insufficient to require recusal . . . even when the number of such
18 unfavorable rulings is extraordinarily high on a statistical
19 basis." In re Beverly Hills Bancorp, 752 F.2d 1334, 1341 (9th Cir.
20 1984) (citing In re International Business Machines Corp., 618 F.2d
21 923, 929-30 (2d Cir. 1980) and Botts v. United States, 413 F.2d 41,
22 44 (9th Cir. 1969)). Here, the only purported indications of bias
23 other than the adverse rulings are Judge Holman's statements in
24 this case. These statements also fail to demonstrate that denial
25 of the motion to recuse was an abuse of discretion. In particular,
26 the repeated statements to the effect that the case should settle

1  do not demonstrate any bias arising from an extrajudicial source,
2  and instead indicate the judge's assessment of the case.  See In
3  Re Smith, 317 F.3d at 933 (judge's statements that he was disposed
4  to approving settlement demonstrated merely that after researching
5  the case, he came to an inclination, and did not show bias).
6  Accordingly, Judge Holman did not abuse his discretion in
7  determining that appellants had failed to show bias requiring
8  recusal.
9       Appellants also argued below, and reiterate here, their belief
10 that recusal is required because Judge Holman is a necessary party
11 to the adversary proceeding.  Appellants base this argument on the
12 mistaken belief that, in order to challenge Judge Holman's rulings,
13 he must be named as a defendant.  The proper mechanism for a
14 challenge to those rulings is an appeal, which will necessarily be
15 presided over by a judge or judges other than Judge Holman.
16 Accordingly, Judge Holman is not a necessary party to the
17 proceedings below.

### IV. SANCTIONS

19     On August 20, 2009, the court ordered "appellee" to show
20 cause as to why sanctions should not issue for failure to file a
21 brief in compliance with the schedule in this case. The California
22 Department of Veterans Affairs ("CDVA"), whom appellants had named
23 as the appellee, then filed a brief and response to the order to
24 show cause.  CDVA argues that notwithstanding appellants' filing,
25 CDVA is only one of seven defendants in the proceeding below, and
26 that because CDVA had not filed an opposition to the initial motion

1  for recusal, CDVA is not properly an appellee in this case.
2  Moreover, CDVA states that it was not involved in any of the
3  earlier proceedings that appellants argue were wrongly decided.
4  In light of these facts, the court concludes that no sanctions are
5  required.

## V. CONCLUSION

For the reasons stated above, the Bankruptcy Court's decision of January 26, 2009, denying the motion to recuse, is AFFIRMED.

IT IS SO ORDERED.

DATED: October 5, 2009

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8